**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.  Case No. 3:98-cr-319-J-32HTS

TERRAL D. WILLIAMS
a/k/a Terrell Devon Williams
_____

UNITED STATES OF AMERICA

v.  Case No. 3:01-cr-22-J-32HTS

TERRAL D. WILLIAMS
_____

**O R D E R**

This cause is before the Court on the Motion for Release of Psychological Report (Docs. ##85, 181; Motion). The Motion is opposed. *See* United States' Response to Defendant's Motion for Release of Psychological Report (Docs. ##87, 183; Response). A reply to the Response, authorized by the Court, has also been filed. Reply to the United States' Response to Defendant's Motion for Release of Psychological Report (Docs. ##89, 185; Reply).

Defendant seeks the release of a "psychological report prepared by Stephen I. Bloomfield, Ed.D." Motion at 1. The United

States, which represents it has not had access to the report, "has been advised by United States Probation that the psychological evaluation referred to . . . does exist and is part of Probation's file . . . . According to Probation, Dr. Bloomfield submitted the evaluation with a cover letter requesting [it] not be released to the defendant."  Response at 1.  Further, the government is concerned that Defendant wants to use old information in lieu of that which could be obtained by a new examination designed to test competence or sanity.  *Id.* at 1-2 (citing, at 2 n.1, competency statute and insanity defense rule).  In reply, counsel for Defendant emphasizes his request is made only "for purposes of due diligence in preparation for sentencing and not for the purposes of attempting to declare Defendant incompetent or to question Defendant's sanity."  Reply at 1.

"Procedural due process rights apply in revocation hearings." *United States v. Ayers*, 946 F.2d 1127, 1129 (5th Cir. 1991) (per curiam).  Rule 32.1(b)(2)(C), Federal Rules of Criminal Procedure (Rule(s)), specifically provides that at a revocation hearing an individual is entitled to present evidence.  It has been held that due process is frustrated where a probationer's[1] ability to proffer mitigating evidence is impacted.  *See United States v. Tippens*, 39

---

[1] There appears to be no principled reason in this context for distinguishing between probationers and individuals on supervised release.  In this regard, it is noted Rule 32.1 applies equally to revocation of probation and supervised release.

F.3d 88, 90 (5th Cir. 1994) (per curiam); *cf. Golden v. Newsome*, 755 F.2d 1478, 1481-84 (11th Cir. 1985) (defendant has right to present mitigating evidence, which is affected by denial of right to counsel).

Psychiatric reports can form a source of mitigating evidence at revocation hearings. *See, e.g., United States v. Musa*, 220 F.3d 1096, 1103 (9th Cir. 2000). As Defendant states, "[a]n attorney's failure to investigate issues that may present mitigation at sentencing including psychological evidence has been held to be ineffective assistance of counsel." Reply at 2 (citing *Hamblin v. Mitchell*, 354 F.3d 482 (6th Cir. 2003); *Harris v. Dugger*, 874 F.2d 756 (11th Cir. 1989)).

In light of the foregoing, and upon due consideration of the matter, the Court is of the view defense counsel should be permitted to review the evaluation at issue.  Still, Probation's description, relayed by the government, of a cover letter from the examiner asking that Defendant not be given the report, is of concern.  *Cf.* Rule 32(d)(3) (presentence report must exclude certain information that may be disruptive to treatment or result in harm).  Accordingly, the Motion (Docs. ##85, 181) is **GRANTED** only to the extent Probation shall permit Defendant's attorney to review and copy the psychological evaluation from Stephen I. Bloomfield, Ed.D.  Absent further authorization from the Court,

however, counsel shall not share its details with Defendant. A later motion to release such details to Mr. Williams may be brought, if necessary.

**DONE** and **ORDERED** at Jacksonville, Florida, this 22nd day of September, 2005.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED   STATES   MAGISTRATE   JUDGE

Copies to:

United States Probation Office
Counsel of Record
     and *pro se* parties, if any

-4-