UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

UNITED STATES OF AMERICA,

V.

TERRAL D. WILLIAMS,     CASE NO: 3:98-cr-319-J-32MCR
a/k/a Terrell Devon Williams,     3:01-cr-22-J-32MCR

FILED 2017 AUG 30 PM 1: [?] CLERK, US DISTRICT COURT MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DISTRICT

MOTION IN OPPOSITION TO the Government's Response TO Defendants Pro Se MOTION TO CORRECT/ADJUST RESTITUTION

The Defendant by and through pro se, files this response in OPPOSITION to the Governments Response with Supporting Documentation. in order to Support his pro se Motion to Correct or Adjust the balance of restitution owed as part of the judgements entered in Case numbers – 3:98-cr-319-J-21B and 3:01-cr 22-J-217JC.

Defendant asserts that the governments addittion is off. Defendant did give a $10000.00 Cashiers check to the Clerk of Court as a initial payment towards —

his restitution while on bond. The Honorable Timothy J. Corrigan through "Early termination of Supervised release transcripts can validate along with the U.S. clerk of Courts office that defendant did in fact deposit a cashiers check payable to the U.S. Clerk of Court in the amount of $10000.00, this $10,000.00 has nothing to do with the $4,902.00 that was Seized from the Defendant's pockets at the time of arrest. $75.00 was also paid to the clerk totalling $10,075.00, this amount does not include the $4,902.00 Seized from the Defendant. The Balance of the Restitution proceeds from a vehicle a Wrangler Truck that was not credited by the U.S. Secrete Service. Defendant moves the government to show proof as to the Balance (Correct Balance, and Correct Credit which should be $10,075.00 Plus $4,902.00 Plus the monthly F&P payments that the government agrees was made while defendant was in prison Serving the Sentences in these Causes. Defendant moves for a hearing before the Court where all parties may present their evidence in Support thereof. The Clerks office has verified that defendant paid a $10000.00 payment in this cause, this payment has nothing to do with the $4,902.00 Seized that the Government agrees should be credited towards the final restitution in this cause. Administrative offset which proof there of is Attached has no record of

2.

the $4,902.00 payment nor do there records reflect the waiver of interest owed in each case nor does the Court order. Defendant simply moves for a fair and impartial hearing in which to present his evidence and case. Defendant moves this court to direct the Clerks office to present the draft in the amount of $10,000.00 that was paid by defendant which has nothing to do with the $4,902.00 that was seized. Proof of this issue alone dispells the goverments assertions and inaccurate amount of $15,857.00 or $11,749.00 these balances are incorrect and do not reflect the full credits of $4,902.00 and the two Vehicles seized in these Causes Defendant was assessed the cost of those Vehicles which in fact were returned or seized by the U.S. Secrete Service and never properly credited towards defendants restitution in this cause. Defendant also moves for appointment of Counsel in this cause. When the $10000.00 payment was made Defendant was represented by James Burke of the federal Defenders office, Hon. Timothy J. Corrigan ordered $2500.00 to be credited as a result of a balance that was left over from the representation by Ms. Rosemarry Cackmus of the "FPD" federal Public Defender - Appellate Division.

3.

Judge Corrigan is aware of the payment because he ordered the payment to be applied to restitution. The Government has failed to even mention this payment even exist. The Court can contact Ms. Rosemarry Cack MUS ESQ. of the Federal Defenders Appellate Division or review the Case Court Docket Sheet which reflects the Payment of $7,500 for Representation then a Over Credit of $2,500.00.

Wherefore, Defendant is in Opposition to the Governments' response because it is inaccurate and not supported by the record, nor parties who are part of the Record. Defendant moves for a hearing in this cause. Defendant does have the means of transportation to attend said hearing and moves this Honorable for Appointment of counsel and a Hearing date in which he will present all evidence of proof As to money that has not been properly credited towards restitution in this cause.

Respectfully,

Terrell Williams

4.

CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2018, I mailed a copy of the foregoing to the AUSA Kevin C. Frein by U.S. Postal Mail.

3:01-cr-22-J-32 MCR
3:98-cr-319-J-32 MCR.

TO: CC
KEVIN C. FREIN
AUSA
300 N. HOGAN STREET, SUITE 700
JACKSONVILLE, FLORIDA 32202
(904) 301-6300

Kevin.frein@usdoj.gov

*Terrell Williams*
Terrell Williams
6860 Edgewater Comm Pkwy
Orlando, Fl 32810

5.